Today we have two issues that the appellant has brought on a judicial stoppel. The first is whether the appellant's not listing her potential claims in the bankruptcy schedule of assets was inadvertent. The second is whether even if it was not inadvertent, whether the claimant is not a creditor. With the first issue, the appellant contends that her claim that it was inadvertent to not list those assets because her understanding of the question was when the contingent claims was she meaning lawsuits and that when she had a hearing before the bankruptcy judge and asked her about assets, he specifically asked her about lawsuits as well and never asked anything other than that. So she assumed as well when those questions were asked that she, again, was right in her first perception on the — You lost me. Yes. Just say it all again. Maybe I wasn't listening closely enough. I'm sorry. When — She said it was inadvertent, that she didn't mention the lawsuit. Well, there was not a lawsuit. All right. All there was were facts for a claim that she was aware of, admittedly. She had not filed a charge at the time. The question in the schedule of assets is do you have any contingent claims? And her understanding that she has said she had was that she understood that only to mean like a lawsuit or an EEOC charge or something, but she had not filed anything like that. And then — She filed a charge? Later on, she filed a charge. She had not filed a charge at that time? And there's no issue of trying to settle any particular claim or anything before filing a charge. There's no evidence of anything like that. What I was mentioning was after she files her schedule of assets, she goes to a hearing where the bankruptcy court judge is asking what assets you have and asks the question, do you have any potential lawsuits? And she says no. She had not filed a lawsuit at that time. It was — Potential lawsuit, he said. Well, no. He said, do you have any lawsuits? I think I have to go back to her affidavit. I didn't mean to say potential. That was my misspeaking. But do you have any lawsuits? And she said no, because she had not filed a lawsuit at the time on there. And at some point, this charge was filed. The lawsuit was filed. The defendant filed a motion for additional estoppel. The court hadn't ruled on that. But a few months later, the court approved us to represent the trustee. And what we're alleging is that, one, the appellant was inadvertent in what she did. While there is a — I guess it's the appellant who can inherit interest in her line to try to hide these assets, she was not trying to do that. She also had a workers' comp provision that she did not list in her schedule of assets as well. And when that case was settled — this was prior to the judicial estoppel argument in this current lawsuit — the plaintiff went before the bankruptcy court, got the approval, paid the money into the creditor. And I think that is as well evidence that this was inadvertent, that this was not her intent to defraud the court. Had she wanted to, she could have not sought approval from the bankruptcy court. I just want to be — I want to make sure I'm clear on the timeline. Yes, sir. Feel free to correct me if I'm wrong. She had a right to sue letter and file a lawsuit December of 2014. Is that when she filed the lawsuit? Yes. And then she did an amended summary of schedules in August of 2015? And she failed to mention the lawsuit? That's correct. On August 24, 2015, her workers' comp attorney worked with her bankruptcy attorney to amend the schedule of assets in there because they had already had a lawsuit as well going on there prior to that time and had settled the case. And as she puts in her affidavit, she didn't understand she had the supplemental duty to go back and add that on there. And the only reason — To go back and add what on there? The original law — our lawsuit. She didn't do it in the workers' comp case either on her own. And she — from her attorneys with the bankruptcy, they went — I mean, from the workers' comp, they went and got it approved and put the money into the creditor, just as what we would have done in this case. So she had settled the ADA claim by August of 2015? No, no, no, no. No. She settled her workers' comp claim. All right. So I want to make sure I'm clear. Yes, sir. She filed an amended schedule, summary of schedules, August 2015 — Right. — at a time when she had a lawsuit pending. Correct. And she failed to list the lawsuit. Correct. All right. And the reason she didn't list it is — The reason she didn't list it at that point is she had a lawsuit, but she didn't realize she had a duty to supplement. And she didn't understand that's why her workers' comp lawyers were doing that. The workers' comp lawyers — Well, she didn't know she had a duty to supplement. She was filing an amended summary of schedules. She was filing an amended summary of schedules. She didn't know she had a duty to supplement and include that, because she was supplementing something, wasn't she? She was supplementing the settlement. And she understood that that's what her workers' comp lawyers told her she had to do. All right. So that's the only thing she added in August 2015? Yes. And they — which would have been the same situation in our case had that — well, frankly, had we known about it earlier, we would have amended the schedule around the same time we sought approval from the court. But where we're looking at for inadvertence, the plaintiff, if she was trying to deceive the court, she would not have sought approval on the workers' comp settlement. She could have taken that money, not disclosed that, and deceived the court. And that would have been clear evidence. And, in fact, the opposite happened. When she settled her case, she goes to the bankruptcy court and pays the money into the creditors, which is exactly what she was going to do here once we learned about it, learned about the bankruptcy, and learned that we needed to do that. And we sought approval from the credit — from the trustee to do that. With the trustee, even if the court were determined that's not enough evidence to show inadvertence, we argued to the district court. The court did not rule on this issue and just merely granted it without an analysis that the trustee should be allowed to pursue this case on behalf of the creditors. The creditors have not defrauded anybody. We have received approval from them. The trustee won the party to your case. No. How's the court going to order the trustee on it? I don't — I'm not aware of any requirement of that. I file these all the time in the district court. We seek approval. This — I've probably done 20 of these and never have had to file what, I guess, an interpleader issue. I've confirmed with the trustee, and he's at the same opinion. Wait, wait, wait. Tell me this again. What now? We're in — they cite the Reid case, where in Reid, the trustee came in as an interpleader. And my understanding is that's not required. I mean, I — You mean an intervener? Intervener. I'm sorry. I apologize. I meant — I don't understand quite what you're saying, but I can understand how you could go and ask the trustee to give you permission to file a case on behalf of the trustee, apart from — I mean, how you could certainly do that. But in the middle of a case where you — where this defense has been raised against you, and the only issue before the district court is whether you should be barred from it. Right. Well, I think what we had asked at that point — That was the issue. — is to, one, I don't believe it's a requirement for the trustee to file any type of intervener file. Well, I'm not saying that he was. Okay. I'm just saying that in the context of this case — Right. — that Judge Wingate certainly did not have the authority to order you, or he didn't preclude you from doing it. He just said you were precluded for — I guess you were precluded on the basis of estoppel. You can't bring this case. He said you can't bring it. Well, the problem — That's all that was before him. Well, what we had asked is that we be allowed to continue on behalf of the trustee. Now, if the Court determines that I must file some separate lawsuit or some separate — No. The only issue he had before him was whether you were judicially estopped in this particular case. I mean, it's not like you went to see the trustee and asked him before the case was filed. No. It was not done before the case was filed, but it was done while the litigation was ongoing. And the appellee responded and said, no, the trustee should not be allowed to do this. We asked for if the appellant can't do this, allow the trustee to step in her place and do it on behalf of the creditors. Okay. And that was essentially our argument, and the Court just avoided it. I mean, that's not a defense to the trial. Who do you represent? I represent Ms. Simpson and the trustee. All right. So you filed what on behalf of the trustee? We did not file a document on behalf of the trustee. We're never required to. We filed a complaint initially on behalf of the appellant. And you wanted him to rule that the trustee could go forward? What do I mean? Correct. Yes, well, we were wanting to. Well, did he rule that you couldn't go forward, that the trustee couldn't go forward? He just dismissed the entire case without ruling on it one way or the other. Well, you could have non-suited the case. You weren't bringing it. You were bringing the case. I was bringing the case, but if I non-suited the case, I would have to concede my clients. Because all I'm saying is he did nothing on it. Which doesn't stop you from doing anything. Well, I think he did. I think he dismissed my client's case. At that point in time, the case was. . . That's the only case that was before him. It was, because. . . And you said, Your Honor, you didn't offer to withdraw your case. You said, I want you to not rule on this motion of judicial estoppel. I want you to just forget that that's ever been filed and rule over here and say that I can go for the trustee, and that's a defense to judicial estoppel. No, I didn't say he shouldn't rule on the issue. Well, if he ruled on the issue, you are out, because that's over with. My appellant would have been out, yes. But the trustee would not. Once the client filed that bankruptcy petition, her claims lawsuit is the property of the bankruptcy. . . I don't. . . Well, not in this case. As I understood the facts, it's because the bankruptcy case had been closed by this time. Well, no. The bankruptcy case had not. . . Even if it is closed, from our understanding, the trustee has still given us permission to pursue it. But at the time. . . If the case has got to be reopened in the bankruptcy court. . . That's correct. So you've got to go ask the bankruptcy court to reopen the case. Only upon settlement, from my understanding. Our understanding from the trustee, and certainly this is something I was concerned about, was that it had been closed and that we need to see it reopened. And our trustee has affirmed us that's not true and that essentially all we would have to do is we would continue litigating the case. And if there is some type of resolution, we would seek bankruptcy approval for it, of course, and have to reopen it at that time. But that's my understanding. What is the district court supposed to do? He's got a motion before him to dismiss the case on the basis of judicial estoppel. Right. That's the question that he's got before him. So you come in and you say don't rule on that motion that is before you, but grant us the right to sue in behalf of the trustee. Is that what you're saying? No, sir. What I'm saying is rule on that motion for judicial estoppel and make a determination as to whether Ms. Simpson can pursue or not. And if you say she cannot, then allow the trustee to pursue the case just as the bankruptcy court had approved and before even the bankruptcy court had approved it under bankruptcy law. Okay. Judge Graves has just said what did the district court say that you couldn't do it? Why didn't you do it? Why didn't you go to the trustee and ask him? I'm sorry. Ask the trustee what? Why didn't you go to the trustee and ask for permission to represent the trustee and sue? I already did before I filed my response on the motion for judicial estoppel. It had been approved prior to the court ruling on the issue as well. We had received permission. This was an asset of the bankruptcy court before the lawsuit was filed. I say you can wrap a case around an axle. I'm pretty good. But what we're saying is the court had the issue of judicial estoppel, and our response was we don't believe judicial estoppel should apply. Was there ever a time when the ADA claim was listed in the bankruptcy? Did it ever show up on an amended schedule of assets? I don't know. I need to go back and look on that. I know when we went to the court and sought permission, it would have, you know, the court would have been aware, of course, of pursuing that case. But I'm not sure if the bankruptcy attorney did that or not. Well, once the bankruptcy, bankruptcy was dismissed by the time he ruled on this. I think that's correct. Is that right? I'm not sure the accurate deadline, but at some point it was discharged because it was dismissed. So if the trustee ever had any right to that claim, then the right to that claim would have reverted back to the debtor once the bankruptcy was dismissed, wouldn't it? Not my understanding. In fact, I was concerned about that, and the bankruptcy trustee has told me that's not the case. That's not their understanding. Okay. Well, we can't operate on that sort of representations. Thank you. We have to decide the cases before us. Okay. Mr. Patterson. Good morning, Your Honors. May it please the Court. Rick Patterson appearing on behalf of the defendant in this case. To answer Judge Graves' question, yes, it was the discrimination claims were listed on a schedule about three weeks after we filed our motion for judicial estoppel. So after we filed the motion, then they went back and they changed it to include that. The two issues that were brought up by Plaintiff's Counsel, first is inadvertence. This is not a case of inadvertence. The Court has defined what is inadvertence. There's essentially two definitions. One is where they don't know, the individual does not know the facts to support the claim. That clearly does not exist here. The second is whether the debtor has no motive for concealment. Now, Plaintiff has submitted her own affidavit saying, well, I really didn't mean to. I didn't want to conceal anything. But cases in this Court have defined that the motivation in a circumstance such as this, where a bankruptcy debtor fails to disclose a case, that the concealment is self-evident. And the analysis before this Court is for an abuse of discretion and whether or not the District Court abused its discretion in following the prior cases to find that the concealment is self-evident and, therefore, there is no inadvertence by the Plaintiff in her failure to list this lawsuit as a potential asset. Now, the Plaintiff began by mentioning, well, when she initially filled out the form, she understood it to mean that it was just pending lawsuits. But if that was her understanding, then when she revised the form in August of 2015, eight months after this case had been filed, then clearly this should have been listed. Under her own logic, she was aware that this case needed to be included. Now, the fact that her workers' comp attorneys worked with a trustee so that they could get paid out of the settlement doesn't excuse her not listing this case. The title or the heading that she filled out was, Other contingent and unliquidated claims of every nature. That was what she was asked about, unliquidated claims of every nature. Yet she somehow says that it never crossed her mind that her discrimination claim that's been pending for eight months would fall under that category. I just don't think that the District Court agreed that the claim in her self-serving claim in her affidavit, as the District Court put it, does not speak loudly enough against her seemingly apparent motive to conceal. And, again, this is being reviewed for an abuse of discretion. And there's nothing to indicate that that decision by the District Court was clearly erroneous from a factual perspective. There's no alleged error of law here. So there's nothing that's been set forth that would constitute an abuse of discretion. Plaintiff's whole claim on appeal is that they assert that the District Court made an improper finding of fact for a summary judgment motion, but that fails to understand or to consider that judicial estoppel is an equitable doctrine that is within the District Court's discretion to apply or not apply. So, you know, there is nothing here to indicate inadvertence or there's no reason to reverse as to the application of judicial estoppel. Now, the other issue that was raised relates to the trustee and counsel's made some statements, but I haven't seen any kind of case law to support those statements. You know, in response to our motion, he made a passing reference to, you know, a situation where a trustee has been allowed to substitute in and pursue the claims on behalf of the debtor. And it doesn't really explain the case, doesn't really go into it. So in my view, and I pointed it out in my brief, I don't think that issue is even before this Court because it wasn't properly briefed or argued in the lower court level. But even if you want to consider it, there was a failure to do anything in this case. There was, according to plaintiff's counsel, on December 16th, the bankruptcy court approved hiring him on behalf of the trustee, hiring him on behalf of the estate to pursue this claim. The court ruled on the summary judgment motion in September of 2016. So over nine months later, and plaintiff's counsel had done nothing. At no point did he file a petition to substitute in the trustee as the plaintiff in this case to try to pursue it. He essentially sat on his hands. It looks like there's an ethical problem involved in this. I mean, how can he represent the trustee? He's not going to get anything about it. He's no longer concerned about the interests of his client. He's interested. He's got a new client completely. It would be a completely new client. That client would have interests that would be adverse to his original client. Yeah. But in this situation, they never did anything. It was never before the district court to consider. So, as you mentioned, Judge Elliott, the only thing that was before the district court was the plaintiff's claim on our own behalf and the issue of judicial style. How did bankruptcy or representing the trustee ever come before Judge Wingate's attention or to his attention? It didn't. There was a passing reference that a petition had been filed in their response to allow counsel to represent the trustee. But at no point was it ever communicated to the district court that that was allowed or that the trustee wanted to pursue the claim or anything else relating to the bankruptcy estate. I don't remember how that had any place whatsoever in this case where he was representing this particular debtor. I agree that it has no place in this case, that the only issue really that's before this court is whether or not the plaintiff's own affidavit claiming that she didn't have an improper motive, it qualifies as inadvertence to preclude the application or to find that the application of judicial estoppel was an abuse of discretion. And the cases are contrary to that, and even the evidence is contrary to that. I don't want to waste any more of your time. If you have any questions, I'll be happy to try to answer them. Okay, Mr. Patterson. Thank you very much. Okay, Mr. Norris. Your Honor, with the issue of us being approved, that was not part particularly of this record, but it is a public record in the Bankruptcy Court. Well, but I don't understand how it's part of this case at all. You're representing one client, and now you go out and solicit another client who is going to recover against the client that you're representing. I mean, how do you think that? Tell me. I mean, it just seems to me that it involves ethical questions, and if you could explain to me how it does not, I would appreciate it. Sure. I do this all the time. I mean, if it's an ethical issue, I sure would like to know about it because not just me, but every other lawyer I know does it. Well, maybe you ought to keep different company. Maybe. But this is a new one for me. When you heard it, when you raised ethical issues, it's an issue. Well, you're ditching your client. You're ditching Ms. Simpson. You're ditching her because she doesn't have anything to recover now. Actually, Your Honor. Only thing you have to recover is you can recover something for the trustee, perhaps, and recover attorney's fees representing him. That's not true. Okay. Well, tell me what is true. Well, under employment claims, you can see. This clock is not running, Shirley. I would love it as much time as I can get. I appreciate that. You may not need it. But, no, one of the things that these claims can get is injunctive relief. And, for instance, a plaintiff can get reinstatement. Reinstatement cannot be given to a plaintiff. So you are going to represent, well, the trustee is not entitled to injunctive relief, clearly. Correct. She is entitled to injunctive relief. So you're going to represent both her and the trustee. Is that what you're saying? That's correct. Even though she's been dismissed from this case. Right. Well, and the client also has an interest in paying these debts off as well. When money goes into the trustee, it pays off creditors, which pays off her bills. She has an interest in doing that. The client, it's a mutual debt. Well, she may not think she has an interest in doing that. Your point is you're collecting money from a third party that's going to go to somebody. It would either go to the debtor or to the estate and then to the creditors, right? That's correct. And it's all an issue. There's no conflict there. There's no conflict because it's all just bankruptcy law. And the plaintiff is fine. If she gets money, that's fine. If it pays creditors, fine with her as well, because here this case was her bankruptcy was discharged because she couldn't pay the bills. Of course, if she were able to work out a settlement and pay those creditors down, her bankruptcy likely would not have been discharged. Did you ever have permission from your client to represent the bankruptcy trustee? Yes, sir. Yes, sir. We had permission from the client. We do it in every case. And she was interested in paying debts that had been discharged. No, they had not been discharged. Well, that's what we told her. The order of discharge had been entered at the time this case was decided. These debts had not been discharged from my understanding. Her plan, it only gets discharged is if she gets through the plan. She filed a 13, is that right? Correct. She had a plan. Right. And you've got to complete that plan, and that involves some repayment to creditors. But in this instance, the bankruptcy was discharged for her failure to make those payments. That's correct. All right. So there's no interest in things being discharged. She, in fact, had an interest in enlisting this lawsuit. And that's the thing, I guess it goes to universe. She had an interest in enlisting this lawsuit to hopefully get the trustee not to dismiss her bankruptcy because she would have preferred to be in bankruptcy protection rather to where she is right now, where it's discharged, where her creditors can go after her with no bankruptcy protection. So, and I just want to, what you had before the district court wasn't a motion to allow you to substitute in the trustee for Ms. Simpson. That wasn't what you had. There's not a separate motion. We did ask. What did you call it? In our response, we asked the court to allow the trustee to continue on behalf. So it's not a motion to allow. I'm not aware of that. Your complaint now seems to be that you've got no ruling at all. So you're appealing the judge's failure to rule at all, which sounds like a writ of mandamus. If you had something pending that the judge just refused to rule on, then it sounds like the appropriate remedy is a petition of writ of mandamus. But what you're saying is he didn't make a ruling one way or the other. And he dismissed the entire case. Right. Well, he dismissed the case based on judicial estoppel with regard to the litigants who were before him. Which included the bankruptcy trustees' claims. We're told before Judge Wingate that nothing was ever written, no written motion was ever filed before Judge Wingate. There was no written motion, and I'm not of any requirement that there be required a written motion. I've never seen any case law that requires a lawyer on behalf of the trustee. Well, you're asking for some relief from Judge Wingate, as I understand what you're saying. That is, the relief of allowing the trustee to pursue this claim and not her. Yes, and that would be similar to a court, I think, in a, say, like a motion for dismiss and the plaintiff respond and say, well, let me amend the complaint or something. And I think that's essentially what we're arguing is that, at minimum, we should have been allowed to amend the complaint to only put in the trustee as the court. Okay. Thank you, Mr. Norris. That completes the cases that we have on the oral argument calendar for today. In fact, it completes the oral arguments before this panel. So this panel stands adjourned.